IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CIRILLO | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 12-6291 |
| | | |
| PATRICK R. DONAHOE, | | |
| Postmaster General | : | |
|     Defendant. | | |

**MEMORANDUM**

**JONES, II  J.**                                                                       **March 31, 2014**

### I.  Introduction

Plaintiff Anthony Cirillo brings the within action on the basis that Defendant Patrick Donahoe, Postmaster General of the United States Postal Service ("USPS"), breached a settlement agreement that resolved discrimination and retaliation claims previously brought before the Equal Employment Opportunity Commission ("EEOC") by Plaintiff.  For the reasons that follow, Defendant's Motion to Dismiss will be granted.

### II.  Background

#### a.  Factual History

Plaintiff was employed by the USPS as an electronics technician at the Philadelphia Processing and Distribution Center until April 7, 2008. (Second Am. Compl. ¶ 3).  On January 5, 2007, Plaintiff was observed drinking at a local bar during work hours by one of his supervisors. (Second Am. Compl. ¶ 4).  Plaintiff subsequently tested positive for alcohol and on January 31, 2007, was suspended for fourteen days for violations of USPS policies including: absence

1

without leave, violation of the Postal Service's no tolerance policy for alcohol, and performing no work while on time records. (Second Am. Compl. ¶ 4).[1]

In response to the suspension, Plaintiff filed a grievance and initiated EEOC proceedings. The parties agreed to an informal mediation process known as Resolve Employment Disputes Reach Equitable Solutions Swiftly ("REDRESS") and settled Plaintiff's grievance on March 22, 2007. (Second Am. Compl. ¶¶ 5-6). Under the settlement agreement, Plaintiff's suspension was modified from fourteen unpaid days to seven paid days in exchange for Plaintiff's termination of the pending EEOC proceedings. (Second Am. Compl. ¶ 7). It was further agreed that Plaintiff's record would be expunged one year after the date of the incident. (Second Am. Compl. ¶ 7).

Little more than one year after the first incident, Plaintiff was again caught drinking during work hours at the same local bar by one of his supervisors. (Second Am. Compl. ¶ 9; Def.'s Mem., Ex. 5).[2,3] On March 6, 2008, Plaintiff was issued a Notice of Removal from federal employment, effective April 7, 2008. (Second Am. Compl. ¶ 9; Def.'s Mem. Ex. 5). In the Notice, Plaintiff's supervisor stated that he paged Plaintiff several times in the building. (Def.'s Mem. Ex. 5). When Plaintiff did not respond, Plaintiff's supervisor checked Plaintiff's clock rings and found that he was clocked in. (Def.'s Mem. Ex. 5). Plaintiff's supervisor stated

---

[1] Although Plaintiff failed to attach a copy of the 2007 Suspension Notice to his pleadings, this document is included as "Exhibit 4" to Defendant's Motion to Dismiss. When deciding a motion to dismiss, a court generally may only consider allegations in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, the Third Circuit has expressly held "that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* Accordingly, this Court shall rely on same in assessing Plaintiff's claim.
[2] Plaintiff failed to attach a copy of the Notice of Removal (upon which he bases his Breach of Contract action) to his pleadings. However, this document is included as "Exhibit 5" to Defendant's Motion to Dismiss. *See n. 1 supra.*
[3] Prior decisions by the EEOC reference three occasions upon which Plaintiff was caught consuming alcohol at a local bar during work hours. However, the instant matter only involves the January 5, 2007 and February 7, 2008 incidents.

in the Notice of Removal: "Do [sic] to a prior incident of you being found at Hasting's Bar, located at 7417 Buist Avenue, while on the clock and out of the building I decided to check there." (Def.'s Mem. Ex. 5). There is no specific mention in the Notice of Removal of the January 2007 incident which was the subject of the Settlement Agreement. (Def.'s Mem. Ex. 5).

### b. Procedural History

On November 7, 2012, Plaintiff filed his initial Complaint with this Court as a pro se litigant. Said Complaint was a form that simply indicated Plaintiff was suing Defendant for age discrimination allegedly stemming from "breach of EEO Agreement." (Doc. No. 1 at 3). Defendant filed a Motion to Dismiss (Doc. No. 9), which prompted Plaintiff to file an Amended Complaint (Doc. No. 10). Defendant again filed a Motion to Dismiss but recognizing the implications of a litigant who is proceeding pro se, as well as the fact that this Court could not properly address either side's position based upon Plaintiff's filings thus far, Defendant's Motion was again denied without prejudice so that Plaintiff could retain counsel and file a proper Complaint. Plaintiff did in fact retain private counsel, who ultimately filed the Second Amended Complaint now at issue. (Doc. No. 17). Plaintiff's Second Amended Complaint makes no reference to any discriminatory actions by Defendant; namely, the original age discrimination claim presented in both the initial Complaint and First Amended Complaint. Instead, the Second Amended Complaint's sole claim is for Breach of Contract because Plaintiff believes Defendant improperly made reference to Plaintiff's expunged disciplinary record in its second Notice of Removal. (Second Am. Compl. ¶ 10.) It is Plaintiff's position that he is entitled to damages in the form of lost wages and reinstatement to his former position. (Second Am. Compl. ¶ 14). In response thereto, Defendant has filed the instant Motion to Dismiss.

**III. Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; accord *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

**III.    Discussion**

Plaintiff maintains that his supervisor's stated reason for looking for Plaintiff at Hasting's Bar in 2008 breached the Settlement Agreement. (Second Am. Compl. ¶ 10).[4] Plaintiff further believes that his termination was a direct result of the reference to the January 2007 incident. (Second Am. Compl. ¶ 10).

---

[4] Again, the notice of removal states: "Do [sic] to a prior incident of you being found at Hasting's Bar, located at 7417 Buist Avenue, while on the clock and out of the building I decided to check there." (Def.'s Mem. Ex. 5).

### a. Plaintiff's Claim is Time-Barred

Plaintiff's action for an alleged breach of the settlement agreement is time-barred because he failed to file his Complaint within ninety days of the EEOC's decision in *Cirillo v. U.S. Postal Service*, EEOC Appeal No. 0120082970 (Dec. 3, 2008), which granted him the right to file a civil action for breach of the settlement agreement. In that action, the EEOC determined that "the settlement agreement was not breached by any language in the notice of removal." *Id.* at 2. In reaching that conclusion, the EEOC found that "[t]he notice of removal did not rely on the expunged suspension as prior discipline as a past element [sic] of his disciplinary record, rather, it simply explained that the supervisor looked for complainant in the tavern based on his prior behavior." *Id.* at 2. Although the EEOC did find the settlement agreement was breached by Defendant's other references to the 2007 incident for purposes of unemployment compensation, the instant breach of contract action is confined to the notice of removal.

As referenced above, the EEOC explicitly informed Plaintiff that he had the right "to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that [he] receive[d] [the EEOC's] decision." *Id.* at 4 (emphasis in original). The EEOC's decision was issued on December 3, 2008. Plaintiff filed the instant action on November 7, 2012, nearly four years after the EEOC's decision and well outside the ninety-day period. In *Mosel v. Hills Dept. Store, Inc.*, the Third Circuit emphasized the importance of adhering to the EEOC's ninety-day filing period, holding that "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." 789 F.2d 251, 253 (3d Cir.1986). Plaintiff herein has egregiously exceeded the ninety day filing period. Accordingly, his Complaint is time-barred and must be dismissed.

### i.   Plaintiff's Reliance on a Right to Sue Letter Issued on a Separate EEOC Complaint Does Not Successfully Circumvent the Ninety-Day Filing Requirement

The right to file an action in a district court regarding an EEOC decision does not entitle a plaintiff to file an action on any issue of his or her choosing. Rather "suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate to settle." *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398–99 (3d Cir. 1976). Further, "[c]ourts have generally determined that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 398.

In *Atkinson v. Lafayette Coll.*, 460 F.3d 447 (3d Cir. 2006), the Third Circuit upheld the district court's dismissal of a complaint because it fell outside the scope of the EEOC investigation. In that case, the plaintiff's complaint to the EEOC did not allege retaliation. *Id.* at 453. When the EEOC granted her the right to sue on the claims that were properly part of her EEOC complaint, she brought an action in district court alleging retaliation in violation of Title VII. *Id.* The district court dismissed the retaliation claims because her allegations did not fall "fairly within the scope of the . . . EEOC complaint, or the investigation arising therefrom." *Id.* (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)).

Just like the plaintiff in *Atkinson*, Plaintiff herein has attempted to bring a claim in district court that was not within the scope of the EEOC complaint for which he was granted the right to sue. Plaintiff is correct that he was authorized to file a civil action by the EEOC in *Cirillo v. U.S. Postal Service*, EEOC Appeal No. 0120102857 (Oct. 10, 2012) ("2007 Complaint"). However, the scope of his right to sue was limited to the discrimination and retaliation claims found in his 2007 Complaint, as well as the EEOC's decision to deny his request to amend his complaint. His

right to sue did not extend to the breach of contract claim stated in the Second Amended Complaint because a breach of contract claim does not fall "fairly within the scope of the . . . EEOC complaint, or the investigation arising therefrom." *Atkinson*, 460 F.3d at 453 (citation omitted). While the 2007 Complaint dealt exclusively with Plaintiff's allegations of discrimination and retaliation stemming from his suspension in early 2007, Plaintiff's instant breach of contract action stems entirely from his 2008 termination—a completely different incident.

Because the right to sue granted by the EEOC is limited to claims within the scope of the EEOC complaint, Plaintiff's right to sue granted by the EEOC in *Cirillo v. U.S. Postal Service*, EEOC Appeal No. 0120102857 (Oct. 10, 2012) does not extend to Plaintiff's instant breach of contract action. As previously discussed, Plaintiff was granted the opportunity to bring a breach of contract action in the district court pursuant to *Cirillo v. U.S. Postal Service*, EEOC Appeal No. 0120082970 (Dec. 3, 2008) only. He was to do so within ninety (90) calendar days from the date he received that decision. He failed to do so. Plaintiff cannot circumvent the time-bar resulting from his failure to file a timely breach of contract action by bootstrapping a stale cause of action to a right to sue on a separate EEOC proceeding.

## V. Conclusion

For the reasons set forth hereinabove, Defendant's Motion to Dismiss shall be granted and Plaintiff's Second Amended Complaint shall be dismissed with prejudice. Inasmuch as any attempt at further amendment would be futile, dismissal is with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II      J.